UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| STATE OF TEXAS, | ) |
| | ) |
| | ) NOTICE OF REMOVAL |
| | ) |
| V, | ) Removed from: |
| | ) |
| | ) 19th Judicial District Court |
| | ) Of McLennan County, Texas |
| NICOLAS JAIMES-HERNANDEZ, | ) Cause Number: 2022-2006-C1 |
| | ) |
| Defendant | ) |

To:   The Clerk of the United States District Court for the Western District of Texas

**NICOLAS JAIMES-HERNANDEZ'S NOTICE OF REMOVAL**

Defendant, Nicolas Jaimes-Hernandez, by and through undersigned counsel, files this Notice of Removal of the above-described action to the United States District Court for the Western District of Texas from the 19th Judicial District Court of McLennan County, Texas, where the action is now pending as provided by Title 28, U.S.C. § 1443 and states:

I.

The pending action is styled *State of Texas v. Nicolas Jaimes-Hernandez*. On November 22, 2022, the McLennan County Grand Jury indicted the Defendant. This removal is for Cause Number 2022-2006-C1 in which the Defendant was indicted for the offense of Aggravated Assault With a Deadly Weapon of Jeronimo Olvera, Jr. (Count 1) and the Aggravated Assault With a Deadly Weapon of Jeronimo Olvera, Sr. (Count 2). Nicolas Jaimes-Hernandez was also indicted for the Capital Murders of Monica Avila and M.A. in 2022-2003-C1; for Capital Murder in the deaths of Lorena Aviles and Natalie Aviles Cause Number 2022-2004-C1; the Capital

Murder of N.A. in Cause Number 2022-2005-C1. Nicolas Jaimes-Hernandez is a Mexican citizen who has resided in Texas for more than two decades without legal authorization and speaks little (if any) English. The Defendant has not yet been brought to trial.

During the commission of the offenses for which the Defendant is accused and his subsequent apprehension, the Defendant suffered an incomplete flaccid paraplegia at the thoracic level. Due to that injury, Defendant is now confined to a wheelchair with no potential for an improvement of his handicap. The Defendant was released from the Baylor Scott & White Medical Center on October 17, 2022. At the time of his discharge, the defendant weighed 170 pounds. The last weight recorded in the medical records received by counsel from the McLennan County Jail was 123 pounds.

II.

Immediately upon appointment, defense counsel and his team began to make attempts to interview and communicate with the Defendant for the purpose of investigation and preparation for trial. After having made such efforts for a substantial period of time without fruitful progress, Counsel requested the State District Court appoint an expert in the field of Psychology for the purpose of examining the Defendant for competency or competency-related issues. This Court agreed to appoint William Lee Carter, Ph.D., to assist defense counsel. On June 6, 2024, Dr, Carter issued a report finding the defendant incompetent to stand trial. (Exhibit 2).

Dr. Carter's report specifically found that (a) the Defendant did not have the capacity to rationally understand the charges and potential consequences of the pending proceedings; (b)

the Defendant did not have the capacity to disclose to counsel pertinent facts, events and states of mind; (c) that the Defendant had no ability to engage in legal strategies and options; (d) that that Defendant lacked the capacity to exhibit appropriate courtroom behavior; and (3) that the Defendant lacked the capacity to testify in his behalf.

Dr. Carter opined in the treatment consideration segment of his report the following:

"Mr. Jaimes has a disorder that adversely affects his emotional presentation and thought patterns. He is heavily paranoid, mentally confused, delusional, and combative. His disorder is treatable, but compliance is an obvious concern. Mr. Jaimes do not realize he is mentally ill and refuses to comply with treatment. His medical needs and the depth of his disturbance are sufficiently advanced that he cannot participate in a community-based competence restoration program. Inpatient care in a secure hospital setting is required."

Dr, Carter's assessment, while proper for the purpose of a competency examination, fails to address the continuing mental and physical health issues Mr. Jaimes-Hernandez experiences while remaining on a long and crowded wait list. Mr. Jaimes-Hernandez, as a matter of course, refuses to utilize a hand-held urinal to void his bladder, choosing instead the urinate in his jail uniform. Additionally, he defecates in that jail uniform at will. As a result, he is subjected to forced medical showers to alleviate the filth accumulated in a jail uniform that must sometimes be physically cut from his body.

On November 26, 2024, the 19th Judicial District Court of McLennan County found Mr. Jaimes-Hernandez not competent to stand trial and ordered him to be committed in accordance with those procedures provided in Tex. Code Crim. Proc. art. 46B. Since November

26, 2024, Nicolas Jaimes-Hernandez has remained incarcerated in the McLennan County Jail awaiting his turn on the Commission's Waitlist For Competency Restorations.

III.

Timely Notice. 28 U.S.C. § 1455(b)(1) provides that a Notice of Removal in a criminal matter must be filed no later than thirty days after a defendant receives a copy of the original charging document unless good cause is shown. Here, Nicolas Jaimes-Hernandez establishes good cause in Sections V and VI of this filing. Because of the extraordinary circumstances and enforcing the timeliness rule would prejudice his rights, the Defendant asks this Court to favorably consider equitable tolling or other procedural exceptions.

IV.

Venue. 28 U.S.C. § 112(d) provides that the United States District Court for the Western District of Texas – Waco Division is the proper venue for removal under 28 U.S.C. § 1455(a), because the Waco Division of the Western District of Texas encompasses McLennan County, where this state action is now pending.

V.

Due Process Concerns. The "indefinite commitment of a criminal defendant solely on account of his incompetency to stand trial does not square with the [U.S. Constitution's] guarantee of due process." *Jackson v. Indiana*, 406 U.S. 715, 731, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). In other words, "[D]ue process [instead] requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson*, 406 U.S. at 738, 92 S.Ct. 1845. Thus, "a person charged ... with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot

be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." *Id.*

Congress' passage of the Insanity Defense Reform Act (IDRA) in 1984 amended the federal commitment statute to specify what the district court and the Government must do when a criminal defendant is "suffering from a mental disease or defect rendering him mentally incompetent" to stand trial: The court must "commit the defendant to the custody of the Attorney General," who must in turn "hospitalize the defendant for treatment in a suitable facility." 18 U.S.C. § 4241(d)(1) provides that the initial period of hospitalization may only last "for such a reasonable period of time, *not to exceed four months*, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id.*

If the court finds at the end of the 18 U.S.C. § 4241(d)(1) hospitalization period "that there is a substantial probability that" the defendant "will attain the capacity to permit the proceedings to go forward" within a "reasonable period of time," 18 U.S.C. § 4241(d)(2) authorizes the court to commit the defendant to a *subsequent* period of hospitalization. That additional period of hospitalization may only last for a "reasonable period of time until" either his mental condition has improved that trial may proceed or the pending charges against him are disposed of by law.

In terms not unlike those confronted by Brayan Calderon-Chavez, Defendant Nicolas Jaimes-Hernandez has been committed for a period of not more than 120 days and now challenges his prolonged detention *while waiting to be transferred to* one of Texas' maximum security facilities. *See United States v. Calderon-Chavez*, 688 F.Supp.3d 472 (W.D. Tex. 2023). Most courts have concluded that Jackson's holding that an incompetent defendant "cannot be

held more than the reasonable period of time necessary to determine" the likelihood he will regain competency does limit the time the Government may detain a defendant while he waits for a space at a hospital. Thus, to comport with due process, any "period of pre-hospitalization detention … must be reasonable" in relation to its purpose. A majority of federal courts now hold that a pre-hospitalization delay that exceeds eight months (more than twice as long as the maximum four-month hospitalization period under 18 U.S.C. § 4241(d)(1) bears no reasonable relation to the purpose for which the defendant is committed and thus violates the defendant's due process rights. *United States v. Lara*, 671 F. Supp. 3d 1257 (D.N.M. 2023).

The State of Texas Auditor's Review of Competency Restoration Services for Inmates in County Jails published in November of 2024 provides the latest recognized authority on the subject. (Exhibit 1). Texas uses several factors to determine whether an incompetent defendant needs classification such that he may require restoration treatment in a high-risk psychiatric hospital. Pertinent here, are the factors of the potential danger to others and of severe mental illness. Nicolas Jaimes-Hernandez scores high on each of these factors.

Texas currently maintains four high-risk psychiatric treatment settings. They are located at the Kerrville State Hospital in Kerrville, Texas; the Rusk State Hospital located in Rusk, Texas; the North Texas State Hospital in Wichita Falls; and the North Texas State Hospital in Vernon, Texas. The combined number of Maximum Security Units (MSUs) for these facilities encompasses 462 beds for adult patients and 32 beds for juvenile patients. This bed count, however, is not a true reflection of the number of beds utilized for restoration

treatment. For instance, those patients who could not have competency restored and have their status converted to civil commitments often remain in these maximum security beds.

The Texas Health and Human Services Commission manages the flow of patients through its hospitals by the utilization of a Waitlist For Competency Restoration. As of December 2023, the average time incompetent defendants must spend in county jails prior to hospitalization for restoration in Maximum Security Units is 648 days for the Kerrville State Hospital; 625 days for the North Texas State Hospital – Wichita Falls; 558 days for the Rusk State Hospital; and 399 days for the North Texas State Hospital at Vernon. The length of such waitlists likely conflict with the United States Supreme Court's decision in *Olmstead v. L.C.*, 527 U.S. 581, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999).

Defense Counsel has interviewed McLennan County Jail staff regarding their efforts in having Mr. Jaimes-Hernandez' position advanced on the list. Jail staff members have reported the response to their efforts with their own laconic response, "crickets."

Texas asserts that the time an incompetent defendant can be held for an alleged felony crime when incompetent to stand trial is the maximum term provided by law for the offense for which the defendant was to be tried. This appears to be at odds with the Supreme Court's holding in *Jackson*.

By reason of the failure of the State of Texas to treat Nicolas Jaimes-Hernandez for restoration of his competency, and by reason of the constitution and laws of Texas in respect to his competency, Defendant is denied and cannot enforce in the judicial tribunals of the state, the right to due process secured to Defendant by the law of the United States providing for

equal civil rights of citizens of the United States, the rights under the Fourteenth Amendment to the Constitution of the United States.

VI.

Protected Class. A defendant who is incompetent may be considered a member of a protected class under certain circumstances, particularly if the incompetence is due to a disability. The Americans with Disabilities Act (ADA) defines a "disability" as a physical or mental impairment that substantially limits one or more major life activities. *Bennett v. Calabrian Chemicals Corp.*, 324 F.Supp.2d 815 (E.D. Tex. 2004). This includes mental or psychological disorders such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities. *Bennett*, 324 F.Supp.2d at 826. Additionally, the Code of Federal Regulations (CFR) defines "protected class" as a group of persons who have the same protected characteristic, such as having a disability. 24 C.F.R. § 5.152. This Court should readily consider Nicolas Jaimes-Hernandez to be a member of that protected class.

VII.

a. A copy of all process, pleadings, and orders served upon Defendant is filed with this notice.

b. Defendant will give written notice to plaintiff as required by 28 U,S,C,A, § 1446(d).

c. A copy of this notice will be filed with the clerk of the 19th Judicial District Court of McLennan County, Texas, as required by 28 U,S,C,A, § 1446(d).

CONCLUSION

The psychological treatment for Nicolas Jaimes-Hernandez faces an almost insurmountable hurdle. He is likely on the perimeter of a psychological condition from which he may be incapable of recovering. It should be relatively obvious that the longer Mr. Jaimes-Hernandez remains on that perimeter, the greater the chance his prognosis for restoration will be poor, at best. If that were to occur, Mr. Jaimes-Hernandez would indeed be denied his opportunity to actively defend himself. A loss of opportunity at restoration would be incalculably tragic for *all* parties including the cause of justice.

This circuit's recent decisions support *Jackson's* "rule of reasonableness." In *United States v. Ceasar*, 30 F.4th 497 (5th Cir. 2022), the court affirmed that the Due Process Clause allows the government to involuntarily commit incompetent defendants for a reasonable period to determine whether they will attain competency in the near future. In Caesar, the court also allowed for an additional period of commitment for a reasonable time in pursuit of restoring competency. In *Harris v. Clay County, Mississippi*, 47 F.4th 271 (5th Cir. 2022), the court reiterated the "commit-or-release" rule from Jackson, stating that an incompetent defendant who has no reasonable expectation of restored competency must be civilly committed or released. The court found prolonged detention without a chance of competency violated the rule.

The Texas Health and Human Services Commission's Waitlist For Competency Restoration is breathtakingly lengthy and is certainly populated with incompetent defendants in need of restoration but it is not they who request removal to this Court. It is now axiomatic that the prolonged waits imposed by the Texas Health and Human Services Commission's

Waitlist For Competency Restoration is psychologically harmful. This is exacerbated by his incarceration in isolation. Mr. Jaimes-Hernandez' conditions of isolation are somewhat necessary due to his psychological disturbances. What is not acceptable or necessary is a wait of such great length that it violates due process. The fact that Mr. Jaimes-Hernandez is doubly handicapped (mentally and physically), Mr. Jaimes-Hernandez' right to have the case removed to the United States District Court should be well-pleaded.

WHEREFORE, the Defendant requests that this action proceed in this court as an action properly removed to it.

Dated: February 14, 2025

Nicholas Jaimes-Hernandez

By: */s/ Clay Dean Thomas*
Clay Dean Thomas
Attorney for Defendant
TBN:  24088520
15344 West State Highway 21
Douglass ,Texas 75943
TEL:  (936) 715-7144
FAX:  (979) 733-6728
clay,thomas@claythomaspc,com